# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES D. DAVIS, TDCJ No. 2167519,<br>  Plaintiff, | §<br>§<br>§ | |
| V. | § | A-17-CV-744-RP |
| | § | |
| SALLY HERNANDEZ,<br>TRAVIS COUNTY JAIL,<br>SGT. D. WILLIS #665,<br>CO OFFICER J. LEOS #4823,<br>CO OFFICER S. GRAY #4529,<br>CO OFFICER G. MARTINEZ #3861, and<br>CO OFFICER M PIETROWSKI #2973,<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

Before the Court are Defendants' Motion to Dismiss (ECF No. 28) and Motion for Summary Judgment (ECF No. 33).[1] Plaintiff, proceeding pro se, was granted leave to proceed in this matter *in forma pauperis*. (ECF No. 4).

## I. BACKGROUND

Plaintiff is currently an inmate housed in the Texas Department of Criminal Justice ("TDCJ") French M. Robertson Unit in Abilene, Texas. The events giving rise to Plaintiff's complaint, however, occurred while he was being booked into the Travis County Jail. Plaintiff brings this civil action under 42 U.S.C. § 1983 for violation of his constitutional rights. Specifically, Plaintiff alleges he was subjected to excessive force while Travis County Sheriff's Officers attempted to fingerprint him during the booking process.

---

[1]Also pending is Defendants' Motion to Strike Plaintiff's Response to Motion for Summary Judgment (ECF No. 37) and Plaintiff's Motion for Leave to Exceed Page Limitations (ECF No. 41).

The following factual background, proffered by Defendants, is supported by the exhibits attached to Defendants' Motion for Summary Judgment.[2]

Plaintiff was arrested on June 6, 2017 at approximately 5:47 pm for a Class A misdemeanor possession of marijuana and 2nd degree felony, aggravated assault with a deadly weapon, and transported to Travis County Jail and placed in Safety cell 515. Ex. F, "Affidavit of Sgt. Willis," at 1.

After being placed in his cell, Travis County Sheriff's Office ("TCSO") staff ordered Plaintiff to step out of his cell to have his prints and photograph taken. *Id.* Plaintiff refused and made threats to staff, stating that he would cause them harm if they attempted to obtain his prints. *Id.* Plaintiff continued to make threats even after the initial order to take his prints was made. *Id.* at 2. . . .

At approximately 12:30 a.m. on June 7, 2017, Officers Leos, Martinez, Pietrowski, Gray, and Sergeant Willis entered Plaintiff's cell, while he was sleeping, and applied restraints. Ex. F, "Affidavit of Sgt. Willis," at 2. While being secured, Plaintiff continued to make threats to staff. *Id.* A spit mask was then placed over Plaintiff's head and he was secured in the Emergency Restraint Chair ("ERC"). *Id.* Once secured in the ERC, Plaintiff was taken to the printing station in Central Booking. *Id.* Plaintiff was given several orders to extend his fingers so that he could be printed. *Id.* He refused to comply. *Id.* Officer Martinez then applied pressure to Plaintiff's hypoglossal nerve in an attempt to stop Plaintiff's resistance and gain compliance with the orders as Sergeant Willis attempted to print his right hand. *Id.* Davis continued to refuse to comply. *Id.* Officer Leos then applied pressure to Davis's left femoral nerve while Officer Pietrowski attempted to assist Sergeant Willis with obtaining Plaintiff's prints.

Due to Plaintiff's continued resistance and non-compliance, Sergeant Willis called off any further attempts to obtain the full prints required to complete the booking process. *Id.* When it became apparent that efforts to get full prints would be futile, the use of force by the Defendant Officers ceased. TCSO staff then returned Plaintiff to a Safety Cell. *Id.* Pursuant to TCSO policy Plaintiff was periodically monitored by TCSO medical staff while he remained in the ERC.[3] Ex. D, "ERC Policy;" Ex. E, "Plaintiff's medical records," at 7, 9. During this monitoring there

---

[2] The exhibits include the Travis County Sheriff's Department Inmate Incident Report and Isolation Cell Record or Application of Protective Restraints reports dated June 6, 2017 and June 7, 2017, found in Plaintiff's TCSO Booking File 17-21179, and two videos from TCSO surveillance cameras. ( ECF No. 33-2; ECF No. 33-3).

[3] Plaintiff remained in the ERC for two hours. (ECF No. 33-3 at 5).

2

were no injuries reported or observed. Ex. E, "Plaintiff's medical records," at 7, 9. Plaintiff was later removed from the ERC and housed at TCJ. Ex. F, "Affidavit of Sgt. Willis," at 2. 2  After he was moved to TCJ, Plaintiff did not make any complaints of injuries as a result of the force used by Defendants. *See generally* Ex. E, "Plaintiff's medical records."

(ECF No. 33 at 3-4).

The "Inmate Incident Report" indicates Plaintiff "refused to follow" officers' instructions regarding fingerprinting,  and that he threatened staff, cursed at staff, and refused to comply with staff," stating "'I will sue you bitch ass,'" "'Fuck you cunt bitch,'" and "'you ain't getting my prints bitch.'" (ECF No. 33-3 at 5-6; ECF No. 36 at 14). The report states Plaintiff resisted by being passive and non-complaint, and by turning away and twisting or tightening. *Id.*

The Isolation Cell Record or Application of Protective Restraints indicates the use of the ERC, handcuffs, leg irons, and a spit mask, because Plaintiff had several times denied officers' request for prints. (ECF No. 33 at 5). At the fingerprinting station, Plaintiff again refused to be printed and became combative with officers' requests to "open your hand." (*Id.*). The record indicates Plaintiff was checked every fifteen minutes while in the ERC, and that he was "quiet, breathing, asleep," or "talking breathing, breathing sitting, talking," throughout the two hours he was in the ERC. (*Id.*).

Plaintiff alleges that Defendant Willis "and his officers" came into his cell "unnanounced" and used force to place Plaintiff in the restraint chair, without first following the jail's Use of Force Policy and Procedures and the Emergency Restraint Chair Policy and Procedures. (ECF No. 36 at 5). Plaintiff alleges Defendant Gray "grabbed me by my jaws and while pulling back on my jaws and neck, he stuck his fingers from both hands into my neck and throat under  my jaw area causing me a lot of pain and cutting off my air supply. . ." (ECF No. 36 at 21). Plaintiff asserts the officer's

3

application of pressure to his neck constituted the excessive use of force violating his federal constitutional rights, alleging it "cause [him] suffering and pain." (ECF No. 22 at 9-10; ECF No. 36 at 8-9). Plaintiff further alleges that "due to the fact that I could not stretch out my legs for two hours, while sitting in that restraint chair, because I have bad knees, I suffered a lot of pain during those two hours . . . (ECF No. 22 at 9-10).

Plaintiff also alleges Defendants failed to investigate and write a "use of force" report in response to the alleged excessive use of force. (ECF No. 22 at 7). Plaintiff states he has named the "Travis County Jail Department" as a defendant because "other staff members" witnessed the incident and did not "report it nor make a report of it, which again violates Federal and State laws and [his] Constitutional Rights." (ECF No. 22 at 15).Plaintiff asserts all of these acts and omissions violated his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution, and he seeks damages for pain, suffering, and mental anguish, in the amount of six million dollars ($6,000,000).

Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6), or in the alternative Rule 12(c), of the Federal Rules of Civil Procedure. (ECF No. 28). The Court concluded the Motion to Dismiss should be treated as a motion for summary judgment and ordered Defendants to re-plead the matter. (ECF No. 29). Defendants filed a Motion for Summary Judgment (ECF No. 33), to which Plaintiff responded (ECF No. 36).[4] Defendants assert the undisputed material facts

---

[4] Defendants then filed a Motion to Strike Plaintiff's Response, arguing the pleading exceeds the page limit. (ECF No. 37). Plaintiff responded to the Motion to Strike (ECF No. 38) and also filed a Motion for Leave to Exceed Page Limitations. (ECF No. 41). The Court will deny the Motion to Strike and grant Plaintiff's Motion for Leave to Exceed Page Limitations with regard to his Response to the Motion for Summary Judgment.

establish Plaintiff was not subjected to excessive force and that they are entitled to qualified immunity. (ECF No. 33 at 6).

## II. ANALYSIS

### A. Summary Judgment Standard

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). A summary judgment movant must establish every essential element of their claim or affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." *Id.* at 324. When deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party. *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993).

If the moving party makes an initial showing that there is no evidence to support the opposing party's case, the party opposing the motion must come forward with competent evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*,

402 F.3d 536, 540 (5th Cir. 2005) (internal quotations omitted). Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B. Qualified Immunity**

Defendants assert they are entitled to qualified immunity from Plaintiff's claims. Once a defendant asserts qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). When determining if a defendant is entitled to qualified immunity, the Court evaluates whether the undisputed facts establish the defendant's conduct violated a constitutional right, and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Id.* at 656. The Court may analyze the two prongs of the relevant test in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Morgan v. Swanson*, 659 F.3d 359, 385 (5th Cir. 2011). If the Court determines the right at issue was not "clearly established," it may decline to "pass" on the constitutionality of the defendant's conduct. *Morgan*, 659 F.3d at 384.

"Clearly established" means that, at the time of the defendant's conduct, the law was "sufficiently clear" that a reasonable official would understand his action violated a federal constitutional right. *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2015) (internal quotation omitted). That the act complained of violates a constitutional right must be "settled law," *Hunter v. Bryant*, 502 U.S. 224, 228 (1991), which means it is dictated by "controlling authority" or "a robust consensus of cases of persuasive authority," *al–Kidd*, 563 U.S. at 741-42 (internal quotations omitted). When determining whether the right at issue was "clearly established," the Supreme Court has "stressed

the need to identify a case where an officer acting under similar circumstances was held to have violated the [constitutional right at issue] . . . While there does not have to be a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate . . ." *District of Columbia v. Wesby*, 138 S. Ct., 577, 581 (2018) (internal quotation marks omitted).

The use of force on a pretrial detainee violates the Fourteenth Amendment if it is unreasonable. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). The Supreme Court has held the inquiry into whether force was reasonable is "solely" objective. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The following considerations bear on the reasonableness of the force used by the defendant:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* Furthermore, the Supreme Court has held the "core judicial inquiry" with regard to a claim of excessive force is "'whether [the] force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1990)). A de minimis injury is sufficient to sustain a claim of excessive force only if it is the product of the malicious and sadistic use of force. *Id.* at 37-38.

Plaintiff alleges his constitutional right to be free of excessive force was violated by: (1) the application of pressure to his hypoglossal nerve; (2) the application of pressure to his left femoral nerve; (3) placing Plaintiff in the ERC; and (4) leaving Plaintiff in the ERC for several hours. The undisputed facts in this matter indicate a minimal amount of force was used to place Plaintiff in the ERC and to compel Plaintiff's compliance; Plaintiff suffered no injury and only a modicum of pain

as a result of being placed in the ERC and the use of the pressure point control tactics; the use of force was discontinued quickly after it became evident Plaintiff would not succumb to being fingerprinted; the security problem at issue was not severe; the officers could reasonably perceive some threat as evidenced by Plaintiff's verbal statements; and Plaintiff was actively resisting being fingerprinted. Plaintiff points to no evidence in the record supporting his allegation that the purpose of the force was to punish him, and the undisputed evidence, including the video evidence, establishes Defendants did not use force maliciously or sadistically to cause Plaintiff harm.

The Court is unable to find any Supreme Court or Circuit Court of Appeals opinion finding the use of the restraint and compliance tactics implicated in this matter constitutes excessive force when the use of these methods resulted in only de minimis pain or injury and the plaintiff failed to present evidence the use of force was malicious or sadistic. *See Blakeney v. Rusk County Sheriff*, 89 F. App'x 897, 899 (5th Cir. 2004) (upholding a determination that jail officials did not violate the Due Process Clause when they placed a pretrial detainee in a restraint chair for 20 hours, when the detainee was "unruly and dangerous" and had been "creating havoc" in jail); *Fuentes v. Wagner*, 206 F.3d 335, 345 (3d Cir. 2000) (holding no excessive force was used when detainee was kept in restraint chair for eight hours when the detainee was checked every fifteen minutes, although detainee experienced loss of feeling in his hands and feet, leg cramps, discomfort, restricted breathing, and back pain); *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 533 (6th Cir. 2018) (finding plaintiff failed to meet his burden on summary judgment to establish that the "extended use of a restraint chair violated clearly established law"); *Williams v. Collier*, 357 F. App'x 532, 535 (4th Cir. 2009) (holding the plaintiff had not established a claim of excessive force based on being confined in a restraint chair because he failed to show "anything more than a de minimis injury as

8

the result of his restraint."). *Compare Young v. Martin*, 801 F.3d 172, 181-82 (3d Cir. 2015) (finding summary judgment in favor of defendants on excessive force claim improper where the detainee offered evidence he was placed naked in a restraint chair for punitive purposes for fourteen hours, and detainee cried out in pain and suffered physical harm as a result of the restraint); *Guerra v. Drake*, 371 F.3d 404, 404-05 (8th Cir. 2004) (affirming the award of $1500 in damages because the detainee presented hospital and inmate medical records establishing the injuries he sustained as a result of unprovoked beatings and being placed "in a 'torture chair' for long periods" ).

The record indicates Plaintiff did not suffer any injury as a result of the use of these tactics and that any pain was fleeting. Although Plaintiff contends that he was in great pain while in the ERC, the contemporaneous report shows Plaintiff was "quiet," "breathing," "talking," or "asleep" throughout this period. Furthermore, Plaintiff points to no evidence in the record showing the malicious and sadistic use of force. Accordingly, Plaintiff fails to show the deprivation of a constitutional right which was "clearly established" at the time of the purported violation.

**C. Due Process**

Plaintiff alleges the use of force violated the "Federal and State Use of Force plan," arguing that if a detainee refuses to "cooperate" the officers must obtain a search warrant to fingerprint the detainee. (ECF No. 22 at 20). With regard to the Defendants' personal involvement in the use of force, Plaintiff alleges: "All of these officers failed to file a Use of Force report and by doing so they all committed this act!" (ECF No. 22 at 21). He also asserts Defendant Hernandez violated his constitutional rights because "her department failed to do an internal investigation into the use of force incident . . ." (ECF No. 22 at 24).

As argued by Defendants, the Travis County Sheriff's Office's Use of Force Policy does not require officers to prepare a Use of Force report or conduct further investigation of an incident unless the use of force resulted in an injury. (ECF No. 33-4). Because Plaintiff did not display or report any injury as a result of being placed in the ERC or the use of the pressure point control tactics, (ECF No. 33-8), a Use of Force report or investigation was not required by this policy. Furthermore, the mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jones v. Clark*, 46 F. App'x 732, 732 (5th Cir. 2002); *Ruiz v. El Paso Processing Ctr.*, 2007 WL 2815577, at *2 (W.D. Tex 2007). *See also Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (noting "prisoners may no longer peruse statutes or prison regulations searching for mandatory language on which to base a due process liberty claim").

**D. Defendants Hernandez and the Travis County Jail**

With regard to Defendants Hernandez and the Travis County Jail, Plaintiff argues the other defendants were under their "orders" and it was the responsibility of Defendant Hernandez and the Jail "to make sure that all employees are well trained, up to date and well aware of the use of force plans, policies, rules, regulations and procedures." (ECF No. 22 at 21). He further contends Defendant Hernandez is liable for the violation of his rights because it is "her responsibility and the departments' to see to it that no harm is done to me . . . while under her department's care." (ECF No. 22 at 23-24).

The Travis County Jail is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311

(5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Travis County Jail are dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

To the extent Plaintiff attempts to assert an individual capacity claim against Defendant Hernandez based solely on her supervisory capacity as the Sheriff of Travis County, Plaintiff fails to state a claim for relief. Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *Estate of Davis ex rel. McCully v. City of N. Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). To prevail against a supervisor in a § 1983 action, a plaintiff must show the supervisor's conduct directly caused a constitutional violation or the supervisor was "deliberately indifferent" to the violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Plaintiff fails to plead facts sufficient to identify specific conduct by Defendant Hernandez or how her conduct was deliberately indifferent to the alleged constitutional violation. Accordingly, Defendant Hernandez is entitled to summary judgment on Plaintiff's § 1983 supervisory liability claim against Defendant Hernandez.

To the extent Plaintiff attempts to assert an official capacity claim against Defendant Hernandez, Plaintiff similarly fails to state a claim for relief. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding

a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id.; Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd,* 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Because Plaintiff has failed to identify any custom, policy or practice that led to his alleged injuries, Defendant Hernandez in her official capacity is entitled to summary judgment.

Furthermore, Plaintiff has failed to allege facts to support a failure-to-train claim. To plead a plausible failure-to-train claim, a plaintiff must allege facts that allow the court to draw the reasonable inference that: (1) the entity's training policy or procedure was inadequate; (2) the inadequate training policy was a "moving force" in causing violation of the plaintiff's rights; and (3) the entity was deliberately indifferent in adopting its training policy. *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010). Plaintiff fails to establish or point to facts that the Travis County Sheriff's Office's training policies were inadequate, the moving force behind the alleged violation of his constitutional rights, or that this entity was deliberately indifferent in adopting its training policies.

## III. CONCLUSION

Defendants Willis, Leos, Gray, Martinez, and Pietrowski are entitled to judgment as a matter of law in their favor because Plaintiff fails to sustain his burden of establishing these defendants are not entitled to qualified immunity from Plaintiff's claim that these defendants used excessive force against him. Defendant Hernandez is entitled to judgment as a matter of law because Plaintiff has failed to present any evidence that her conduct directly caused a constitutional violation or that she was "deliberately indifferent" to the violation of a constitutional right. Furthermore, Plaintiff has failed to produce any evidence establishing a cognizable claim against Travis County, and the jail is not a legal entity capable of being sued.

It is therefore **ORDERED** that Defendants' Motion to Strike (ECF No. 37) is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Leave to Exceed Page Limitation (ECF No. 41) is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims brought against the Travis County Jail are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is finally **ORDERED** that the remaining defendants' Motion for Summary Judgment (ECF No. 33) is **GRANTED**, and their Motion to Dismiss (ECF No. 28) is **DISMISSED**.

**SIGNED** on February 19, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE